# IN THE CIRCUIT COURT OF BRAXTON COUNTY, WEST VIRGINIA

ALLEN JUNIOR WORKMAN,

    Plaintiff,

v.

                      CIVIL ACTION NO. 20-C-06
                      HONORABLE: RICHARD FACEMIRE

RALPH B. FRIEND, JR. and
KTL TRUCKING, INC.,

    Defendants.

To:   KTL TRUCKING, INC.
       168 Hillcrest Drive
       Lake Lynn, PA 15451



IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned and required to serve upon **Jennifer D. Roush**, Plaintiff's attorney, whose address is **Post Office Box 3842, Charleston, West Virginia 25338**, an answer, including any related counterclaim you may have, to the Complaint filed against you, along with the "Plaintiff's First Set of Interrogatories and Requests for Production of Documents Directed to Defendant KTL Trucking, Inc." in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer to the Complaint within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint, and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action. The attached discovery requests contain the information about when and how your responses to those requests may be made.

Dated: _____

                                          _____
                                          Clerk of Court

IN THE CIRCUIT COURT OF BRAXTON COUNTY, WEST VIRGINIA

ALLEN JUNIOR WORKMAN,

    Plaintiff,

v.
                              CIVIL ACTION NO.: 20-C-06

                              HONORABLE: RICHARD FACEMIRE

RALPH B. FRIEND, JR., and
KTL TRUCKING, INC.,

    Defendants.

## COMPLAINT

Now comes the Plaintiff, Allen Junior Workman, by and through his counsel, Farmer, Cline & Campbell, PLLC, and hereby states the following for his Complaint.

## PARTIES AND JURISDICTION

1. The Plaintiff, Allen Junior Workman ("Mr. Workman"), is a resident of Birch River, Nicholas County, West Virginia.

2. Defendant Ralph B. Friend, Jr. ("Defendant Friend") is, upon information and belief, a resident of Fairchance, Fayette County, Pennsylvania.

3. Defendant KTL Trucking, Inc. ("Defendant KTL") is, upon information and belief, a Pennsylvania corporation, with its principal place of business located in Pennsylvania.

4. Defendant KTL is an interstate motor carrier.

5. Defendant KTL is registered with the U.S. Department of Transportation under U.S. D.O.T. Number 1462235.

6. Pursuant to West Virginia Code §§ 56-3-33, this Court has jurisdiction over the parties and claims asserted in this matter as Defendant Friend caused a tortious injury while operating a commercial motor vehicle on a public roadway in West Virginia and while acting as an agent of Defendant KTL.

7. Pursuant to West Virginia Code § 56-1-1, Braxton County is an appropriate venue for this action as, upon information and belief, Defendant KTL does not have any principal offices in West Virginia or any officers or presidents that reside in West Virginia, and it is the location where the collision occurred and the cause of action arose.

## COUNT I

### NEGLIGENCE / RECKLESSNESS / VICARIOUS LIABILITY

8. Mr. Workman incorporates, by reference, all preceding allegations contained within this Complaint.

9. On or about February 20, 2018, Mr. Workman was operating a 2017 Chevrolet commercial truck ("Chevy Truck").

10. Mr. Workman was traveling on the southbound entrance ramp of Interstate 79, at or near mile marker 57 of Interstate 79, in Braxton County, West Virginia.

11. At or around that same time, Defendant Friend was operating a 2000 Peterbilt Tractor-trailer ("Log Truck"), traveling on Interstate 79 southbound exit ramp, at or near mile marker 57 of Interstate 79, in Braxton County, West Virginia.

12. The Log Truck Defendant Friend was operating was loaded with logs.

13. As Defendant Friend rounded the corner to merge onto U.S. Route 19, he lost control of the Log Truck, causing the Log Truck to turn on its side and the logs to fall into the roadway.

14. At or around the same time the Log Truck overturned, the Chevy Truck was passing the Log Truck in the opposite direction.

15. As a result of Defendant Friend's negligent, careless, and/or reckless conduct, the logs that fell from the Log Truck struck the Chevy Truck Mr. Workman was operating.

16. At the time of the subject collision, Defendant Friend held a commercial driver's license ("CDL") issued by the Commonwealth of Pennsylvania.

17. Upon information and belief, at all times relevant to this Complaint, Defendant Friend was acting within the course and scope of his employment and/or agency with Defendant KTL.

18. Defendant KTL is vicariously liable pursuant to the theories of principal/agency and respondeat superior for all wrongful actions and omissions that were committed by its agent/employee, Defendant Friend.

19. As a direct and proximate result of the Defendants' negligent, careless, and/or reckless conduct and the collision described above, Mr. Workman suffered injuries to his body for which he has and/or will continue to experience and/or incur:

    (a) medical expenses;

    (b) lost wages;

    (c) pain and suffering;

    (d) physical limitations;

    (e) diminished capacity to enjoy life;

    (f) annoyance and inconvenience; and

    (g) other consequences and damages associated with his injuries as may be specified as this action progresses.

## COUNT II

## PRIMA FACIE NEGLIGENCE

20. Mr. Workman incorporates, by reference, all preceding allegations contained within this Complaint.

21. In addition to those instances of negligence set forth elsewhere in this Complaint, Defendant Friend was negligent in at least the following specific ways:

   a. Driving too fast for conditions;

   b. Failing to keep his vehicle under control;

   c. Driving his vehicle in reckless disregard for the safety of other people on the road;

   d. Failing to adhere to safe driving principles expected of professional truck drivers with commercial driver's licenses, including, but not limited to, failing to adjust his speed when approaching and/or going around a curve;

   e. Failing to operate his tractor-trailer in a safe and prudent manner in view of the conditions that existed at the time of the collision; and

   f. Otherwise failing to use that degree of care and caution that a reasonable and prudent person would have exercised under the same or similar circumstances.

22. At the time of the collision, Defendant Friend was operating a commercial motor vehicle in interstate commerce and was subject to the Federal Motor Carrier Safety Regulations.

23. At the time of the subject collision, Defendant Friend was also subject to the laws of the State of West Virginia governing the operation of interstate commercial motor vehicles on West Virginia's public roadways.

24. Defendant Friend was negligent per se in that he violated Federal Motor Carrier Safety Regulations and various rules of the road as incorporated into the laws and regulations of West Virginia.

25. Defendant Friend, as an operator of a commercial vehicle on a public roadway in West Virginia, owed a duty to the general public, and in particular to Mr. Workman, to obey all State and Federal laws and regulations with regard to acting as a motor carrier and operating a commercial motor vehicle.

26. In addition to other duties of Defendant Friend set forth in this Complaint, pursuant to West Virginia Code § 17C-6-1, Defendant Friend was required to maintain control of the Log Truck, and to operate the Log Truck at a reasonable and prudent speed under the circumstances.

27. Defendant Friend violated the requirements of West Virginia Code § 17C-6-1, by failing to maintain control of the Log Truck, causing it to overturn in the roadway.

28. Defendant Friend's negligent conduct and violations of the law and regulations proximately caused the collision and Mr. Workman's injuries and damages, as set forth above.

29. Defendant Friend's conduct constitutes prima facie evidence of negligence and is actionable.

30. Defendant KTL is vicariously liable pursuant to the theories of principal/agency and respondeat superior for all wrongful actions and omissions that were committed by its agent/employee, Defendant Friend.

**WHEREFORE**, the Plaintiff, Allen Junior Workman, requests that he be awarded judgment against the Defendants, Ralph B. Friend, Jr. and KTL Trucking, Inc., for the following:

(a) compensatory damages in an amount to be determined by a jury;

(b) punitive damages, to the extent that the Defendants' conduct warrants such damages;

(c) pre and post judgment interest, as allowed by law;

(d) attorneys' fees, costs and expenses incurred in connection with this action; and

(e) such other and further relief as the Court deems just and appropriate under the circumstances.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE

ALLEN JUNIOR WORKMAN,

Plaintiff,

By Counsel:

*/s/ signature/*

ROBERT D. CLINE, JR (W.Va. State Bar No. 755)
ROBERT A. CAMPBELL (W.Va. State Bar No. 6052)
R. CHAD DUFFIELD (W.Va. State Bar No. 9583)
JENNIFER D. ROUSH (W.Va. State Bar No. 11165)
FARMER, CLINE & CAMPBELL, PLLC
746 Myrtle Road (25314)
Post Office Box 3842
Charleston, West Virginia 25338
(304) 346-5990